UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                        Case No. 2:18-cr-89-FtM-60NPM

WILLIAM NOBLES,

    Defendant.
_____/

**<u>FINAL ORDER DENYING DEFENDANT'S
"MOTION TO SUPPRESS EVIDENCE"</u>**

This matter is before the Court on Defendant's "Motion to Suppress Evidence," filed by counsel on September 14, 2018. (Doc. # 23). On September 28, 2018, the United States of America filed a response in opposition to the motion. (Doc. # 26). The Court reserved ruling on the motion until after the Eleventh Circuit decided *United States v. Taylor*, No. 17-14915, 2019 WL 4047512 (11th Cir. Aug. 28, 2019).[1] (Doc. # 41). On September 20, 2019, after *Taylor* had been decided, the Court entered an Order denying the motion in part as to the issues raised regarding the search warrants, and reserving ruling on the third issue regarding the alleged violation of Defendant's *Miranda* rights. (Doc. # 71). After further consultation, the parties agreed that the Court could review and rely on the November 7, 2018, suppression hearing transcript in lieu of holding an independent evidentiary hearing to address the *Miranda* issue. (Doc. # 72). After reviewing the motion, response, court file, and the record, the Court finds as follows:

---

[1] The Court notes that the Honorable Sheri Polster Chappell held a hearing on the motion to suppress on November 7, 2018.

## BACKGROUND

The facts are largely undisputed. On August 5, 2015, at approximately 6:00 a.m., law enforcement officers from the Federal Bureau of Investigation (FBI) and Hendry County Sheriff's Office executed a search warrant at Defendant's residence. Upon opening the door to his home, Defendant encountered several uniformed Hendry County Sheriff's Office deputies, along with an additional plain-clothes officer believed to be an FBI agent. Defendant and his father were instructed to exit the residence and remain on the porch for a brief time lasting approximately ten to fifteen minutes.

Subsequently, Defendant met with two officers in a back room of the residence. Defendant was seated in a chair with task force Agent Bunch and Detective Ewart positioned directly in front of him. The law enforcement officers did not advise Defendant of his *Miranda* rights. However, the officers told Defendant that he did not have to speak with them, and that he could terminate the interview at any time.[2] Defendant was questioned for around an hour and a half about, among other things, his computer use, internet access, passwords, access to computers, use of the Tor network, access to child pornography, and methods of downloads. Defendant was also asked questions regarding his sexual orientation and habits. The interview was recorded and transcribed.

---

[2] *See* November 7, 2018, Transcript, pp. 114-115; 121-122.

## ANALYSIS

In his motion, Defendant argues that he was interrogated in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that his statements to law enforcement officers should be suppressed. After reviewing the evidence and applicable case law, the Court finds that Defendant was not "in custody" during his interview with law enforcement officers, and therefore *Miranda* warnings were not required.

The United States Supreme Court explained in *Rhode Island v. Innis*, 446 U.S. 291 (1980) that *Miranda* safeguards are triggered "whenever a person in custody is subjected to either express questioning or its functional equivalent." It does not appear that the issue of interrogation is disputed here. Therefore, the issue presented is whether Defendant was "in custody" during his conversations with law enforcement officers during the execution of the search warrant.

Custody for purposes of *Miranda* encompasses not only formal arrest, but any restraint on freedom of movement of the degree associated with formal arrest. *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (citing *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). Whether a defendant is "in custody" for *Miranda* purposes "depends on whether under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement to such extent that he would not feel free to leave." *United States v. McDowell*, 250 F.3d 1354, 1362 (11th Cir. 2001) (quotation marks and alterations omitted). This is an objective test; the actual, subjective beliefs of the defendant and the interviewing

officer regarding whether the defendant was free to leave are irrelevant. *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996). "The right to *Miranda* warnings attaches when custodial interrogation begins." *United States v. Crews*, Case No. 3:13-cr-230-J-34MCR, 2014 WL 5690448, at *5 (M.D. Fla. Nov. 4, 2014) (citing *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)).

In this case, the encounter between Defendant and task force Agent Bunch and Detective Ewart took place in Defendant's home during the execution of a search warrant. *See Brown*, 441 F.3d at 1348 (explaining that "[c]ourts are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home"); *United States v. Neston*, Case No. 6:07-cr-186-Orl-22DAB, 2007 WL 9760023, at *1 (M.D. Fla. Dec. 18, 2007) (holding that the defendant was not in custody when he was questioned *during the execution of a search warrant at his residence*). Defendant was not placed in handcuffs or physically restrained in any way during the interview, and the law enforcement officers did not brandish their firearms at any time. *See Moya*, 74 F.3d at 1119 (holding that the defendant was not in custody because, among other things, no handcuffs were employed and no guns were drawn).

It is important to note that task force Agent Bunch and Detective Ewart told Defendant that he did not need to speak with them and that he was free to leave. *See Brown*, 441 F.3d at 1347 (explaining that "[u]nambiguously advising a defendant that he is free to leave and is not in custody is a powerful factor in the

mix, and generally will lead to the conclusion that the defendant is not in custody" absent a finding of such extensive restraints that informing the suspect that he could leave could not cure the custodial aspect of the encounter). The law enforcement officers also informed Defendant that, although they were executing a search warrant, he was not under arrest. *See Moya*, 74 F.3d at 1119 (holding that the defendant was not in custody because, among other things, he was not told that he was under arrest); *United States v. Phillips*, 812 F.2d 1355, 1362 (11th Cir. 1987) (holding that the defendant was not in custody because, among other things, he was never placed under arrest or told he was under arrest).

Defendant did not ask to leave or otherwise try to terminate the interview at any time. *See Moya*, 74 F.3d at 1119 (holding that the defendant was not in custody because, among other things, he did not ask to leave). The interview lasted approximately an hour and a half. *See McDowell*, 250 F.3d at 1363 (noting that "there is no fixed limit to the length of questioning" and concluding that a four-hour interview was not a custodial interrogation). Following the interview, the law enforcement officers did not place Defendant under arrest. *See Neston*, 2007 WL 9760023, at *1 (holding that the defendant was not in custody because, among other things, he was not formally taken into custody that day). Each of these factors weighs in favor of finding that Defendant was not in custody at the time of the interview.

After reviewing the motion, the testimony and evidence presented at the suppression hearing, and considering the totality of the circumstances, the Court

finds there was no restraint on Defendant's freedom of movement of the degree associated with formal arrest during the encounter with task force Agent Bunch and Detective Ewart. Under these circumstances, a reasonable person would not have felt a restraint on his freedom or that he was not free to terminate the encounter. Consequently, the Court finds that the questioning of Defendant was not custodial, and law enforcement officers were therefore not required to provide *Miranda* warnings.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Suppress Evidence" is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida this 19th day of November, 2019.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**